## LIGHTOLIER CO. v. ARTISTIC BRASS & BRONZE WORKS, Inc., et al.

District Court, S. D. New York.

Jan. 13, 1936.

Dean, Fairbank, Hirsch & Foster and Morris Hirsch, of New York City, for plaintiff.

Dyke & Schaines, Herbert H. Dyke, H. Gordon Dyke, and W. R. Liberman, all of New York City, for defendants.

BONDY, District Judge.

This is a suit for infringement of claims 1, 5, and 7 of patent No. 1,777,824, issued October 7, 1930, to the plaintiff, Lightolier Company, as assignee of the inventor Jacob H. Blitzer, and of design patent No. 88980 issued January 10, 1933, to the Lightolier Company as assignee of the inventor Carl Moser. Both relate to lighting fixtures.

Lamps alleged to infringe were manufactured by the defendant Artistic Brass & Bronze Works, Inc., distributed by its subsidiary, the defendant Artistic Lamp Manufacturing Company, Inc., and sold at retail by the defendant Dlugas Schultz, Inc.

The defendants do not question infringement of claims 1, 5, and 7, if valid, but deny their validity. They do not question the validity of the design patent, but deny its infringement.

Patent No. 1,777,824 discloses a pedestal provided at its upper end with a socket-cover terminating in an openwork husk, a glass shade with a protruding lower end which fits in and rests upon the openwork husk, and an opaque reflector within the glass shade open at its bottom end, whereby some of the light rays from a bulb

inserted through the bottom opening in the reflector and shade pass downward to the protruding portion of the shade in the husk, illuminating the glass there and permitting light to escape through apertures in the husk, while most of the light is reflected upward towards the ceiling where it is diffused. The rim of the shade is shown to project beyond the reflector so that some of the rays from the bulb strike it directly, giving a corona effect at the top edge of the lamp, but no such effect is included in these claims.

The claims read as follows:

"1. A lamp assembly including an openwork support having a socket, a shade carried by said support having a reduced portion lodged in the said socket and a reflector support within said shade and having an axial aperture through which the reduced portion of said shade receives illumination.

"5. A lamp assembly including a support affording a socket and a translucent shade having a reduced portion receivable within said socket, an enlarged portion protruding beyond said socket, said socket being apertured to provide for the emission of rays through said shade and said socket and a reflector within the enlarged portion of said shade.

"7. An upright indirect lighting fixture including a base affording a socket, a shade receivable in said socket and an enlarged portion extending thereabove, and a reflector mounted within said shade for directing light from said fixture upwardly from said shade and base, the socket of said base being apertured to permit the emission there-through of rays transmitted through said shade."

Every element of claims 1, 5, and 7 is disclosed in British patent No. 15,721 issued to Hotchkin July 2, 1914.

This patent shows that there is no novelty in the combination of an openwork husk in which fits the lower reduced end of a glass shade resting on the husk and a reflector resting in the shade and terminating above the husk, directing rays of light upwardly and permitting some to leak downwardly to be distributed through a transparent or translucent window arrangement in the husk.

Neither the removal of the paper, lace, or silk shade surrounding the glass shade in the Hotchkin disclosure, nor the removal of the plate reflector below the husk used

to diffuse rays emanating from the lower reduced portion of the glass shade constitutes invention. The Hotchkin specifications expressly disclose that the lamp may be used without the reflector. The use of translucent glass, which is also disclosed in the Hotchkin patent, and the ornamentation of the glass and other parts of the fixture affect the appearance of the lamp, but not the function of any of the elements and do not rise to the dignity of invention. Moreover, they are not included in the claims in suit. Nor do these claims include a reflector separated from the shade. The specifications state that the reflector may be joined permanently to the shade or as an integral part thereof as by the application upon the shade of reflecting material by electroplate or the like. The separation of the reflector therefore does not distinguish the patent in suit from the Hotchkin patent. Moreover, the use of a separate metal reflector is old in the art and its combination with the other elements of the plaintiff's lamp would not constitute invention.

■ There is no combination of elements producing any novel result, and the claims in my opinion are anticipated and void on account of lack of invention.

Design patent No. 88,980 discloses only a drawing and characterizes it as an ornamental design for a lighting fixture head, but does not otherwise describe it.

The defendants concede the validity of this patent, but deny infringement, relying on the prior art to limit its scope.

In general configuration the defendants' fixture head resembles the fixture head shown in plaintiff's design patent. However, the detailed ornamentation upon the respective fixture heads is strikingly different. The differences in design are obvious to an unskilled eye and casual observer.

Both the design patent to Arenberg No. 82,649, and the mechanical patent in suit to Blitzer disclose a fixture head including a generally cylindrical stem and an outwardly flaring bowl, the upper extremity of which flares outwardly. The Arenberg design, moreover, discloses peripheral notches or grooves on the bowl, and the Blitzer drawing shows longitudinal ribs on the neck and outwardly radiating surface ornamentation on the lower part of its flaring structure, immediately above the neck.

Therefore the distinctive design of the Moser patent lies in the detailed design and not in the general contour of a neck topped by an outwardly flaring bowl which has an outwardly flaring upper rim and the general contour of which is grooved. Infringement therefore must lie in the details of the design rather than in the general contour, just as infringement of a design for a spoon would lie in the particular design rather than in the general contour of a spoon.

The particulars of the design of the alleged infringement must therefore be compared with the patent in suit. The general contours of both are somewhat similarly proportioned. As the plaintiff contends, both have longitudinal ribs on their necks, a band of surface ornamentation on the lower part of the bowl and outwardly radiating surface ornamentation on the lower part of the flaring structure.

However, the ribs on the alleged infringement are more numerous than on the patented design and are so close together that they give the appearance of a solid cylinder with numerous longitudinal grooves, rather than of struts, as in the patented design; they reach only half way down the neck, which, below them, consists of a solid cylinder; and they have a surface design totally different from that of the patent. Likewise the design on the peripheral band of ornamentation on the lower part of the bowl is entirely different from the patented design, and the bowl itself is decorated with surface ornamentation, while the patented design shows an undecorated bowl. The patented bowl is grooved at five different places, while the defendants' bowl has only one groove.

Looking at the detail of the surface design rather than the general contour or outline of the patented design and the alleged infringement, there is no likelihood that the effect on the eye of an observer would be the same, or that ordinary purchasers or persons in the trade would be led by their similarity to mistake one for another.

Testimony as to actual confusion was directed to lighting effect and general appearance rather than the design itself. In fact, the plaintiff's witness who testified about confusion said that without the metal reflector (which is no part of the design in suit) the defendants' lamp does not resemble the plaintiff's.

■ The design patent accordingly has not been infringed, and the bill therefore is dismissed.